

August 23, 2024

**Via ECF**
The Honorable Ronnie Abrams
S.D.N.Y. United States District Court
40 Foley Square, Room 2203
New York, NY 10007

      Re:    *Dermansky v. Getty Images (US) Inc. et al.*, 1:24-cv-04705-RA

Dear Judge Abrams:

I write on behalf of both parties in the above-captioned matter to respectfully request that the Court approve and enter the attached Protective Order. As part of their negotiations to potentially resolve Plaintiff's motion for a preliminary injunction, the parties have discussed the production of certain confidential agreements that Plaintiff has requested and which Getty and its customers contend provide a defense to certain of Plaintiff's copyright claims against those customers. Getty Images and the other parties to such agreements require a protective order to be in place before the agreements can be produced. Entering the attached Protective Order now will accordingly enable production of the agreements and facilitate the parties' negotiations.

The parties otherwise intend to update the Court on the status of their negotiations by August 30 as required. Thank you for your attention to this matter.

                                          Respectfully,

                                          Benjamin S. Halperin
                                          Cowan, DeBaets, Abrahams & Sheppard LLP

cc:    All Counsel of Record

Cowan, DeBaets, Abrahams & Sheppard LLP

1

60 Broad Street
30th Floor
New York, NY 10004

8447 Wilshire Blvd
Suite 425
Beverly Hills, CA 90211

cdas.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JULIE DERMANSKY,<br><br>                              Plaintiff,<br><br>- against –<br><br>GETTY IMAGES (US), INC.<br><br>                              Defendant. | Case No.: 1:24-cv-04705-RA<br><br>**STIPULATION AND PROPOSED<br>PROTECTIVE ORDER** |

   WHEREAS, all parties to this action (collectively, the "Parties" and each individually, a "Party") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, it is hereby

   ORDERED that the Parties to this action (the "Action") and to related arbitration concerning the substantive issues underlying this action ("Related Arbitration"),[1] their respective officers, agents, servants, employees, and attorneys, and any other persons who sign this Stipulated Protective Order or the Non-Disclosure Agreement attached hereto, or anyone with actual notice of this Order, will adhere to the following:

1.   Any person subject to this Order who receives from any other person any "Discovery Material" (i.e., information of any kind provided in the course of informal and/or formal discovery in this action) that is designated as "Confidential" or "Attorneys' Eyes Only" (collectively, "Confidential Information") pursuant to the terms of this Order shall not disclose such Confidential Information to anyone else except as expressly permitted hereunder. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to his, her or its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to discovery in this Action.

2.   Counsel for any party or non-party who produces information in the Action or the Related Arbitration (each a "producing party") may designate any document or information, in whole or in part, as confidential if counsel determines, in good faith, that such designation is necessary to protect the interests of the client in information that is

---

[1] Related Arbitration includes the proceeding *Getty Images (US), Inc. v. Dermansky*, AAA No. 01-24-0004-3165 and any other arbitration proceedings related to Dermansky's claims that that customers of Getty Images used her images outside the scope of a Getty Images license.

proprietary, a trade secret or otherwise contains sensitive non-public business, commercial, financial, or personal information, the public disclosure of which is either restricted by law or would likely, in the good faith opinion of the producing person, seriously harm the producing person's business, commercial, financial, or personal interests or cause the producing person to violate his, her, or its privacy or confidentiality obligations to others. Information and documents designated by a party as confidential will be stamped "CONFIDENTIAL."

3. The person producing Discovery Material may designate as "Attorneys' Eyes Only" any portion thereof that, the producing party believes in good faith: (a) contains highly confidential or highly sensitive information, the disclosure of which is likely to have a significant effect on current or future (i) business or commercial strategies or decisions or (ii) product plans or development; (b) the disclosure to persons other than those authorized under paragraph 8 below is restricted by law; or (c) was previously produced in a case with an Attorneys' Eyes Only designation. Any party who requests a designation of "Attorneys' Eyes Only" for a reason other than those set forth above may at any time before the trial of this action serve upon counsel for the recipient party a written notice stating with particularity the grounds of the request. If agreement cannot be reached promptly, counsel for all Parties will address their dispute to the Court or to the arbitrator presiding over Related Arbitration. This Order shall not bar any attorney in the course of rendering advice to such attorney's client with respect to this Action or the Related Arbitration from conveying to any party client the attorney's evaluation in a general way of Confidential Information produced or exchanged under the terms of this order marked as Attorneys' Eyes Only.

4. With respect to the confidential portion of any Discovery Material other than deposition transcripts and exhibits, the producing person or that person's counsel may designate such portion as "Confidential" or "Attorneys' Eyes Only" by stamping or otherwise clearly marking as "Confidential" or "Attorneys' Eyes Only" the document or protected portion in a manner that will not interfere with legibility or audibility. Deposition testimony may be designated as "Confidential" either on the record during the deposition or in writing within 14 business days of receipt of the transcript. If so designated, the final transcript of the designated testimony shall be bound in a separate volume and marked "Confidential Information Governed by Protective Order" by the reporter.

5. The disclosure of a document or information without designating it as "confidential" shall not constitute a waiver of the right to designate such document or information as Confidential Information. If at any time prior to the trial of this action, a producing person realizes that some portion of Discovery Material that that person previously produced without limitation should be designated as "Confidential" or "Attorneys' Eyes Only," the producing person may so designate that portion by promptly notifying all Parties in writing. Such designated portion of the Discovery Material will thereafter be treated as Confidential or Attorneys' Eyes Only under the terms of this Order. In

addition, the producing person shall provide each other Party with replacement versions of such Discovery Material that bears the "Confidential" or "Attorneys' Eyes Only" designation within two business days of providing such notice.

6. A person receiving Confidential Information may use such Confidential Information only for prosecuting or defending the above-captioned litigation or the Related Arbitration.

7. In the event a party challenges another party's designation of confidentiality, counsel shall make a good faith effort to resolve the dispute, and in the absence of a resolution, the challenging party may seek resolution by the Court. Nothing in this Protective Order constitutes an admission by any party that Confidential Information disclosed in this case is relevant or admissible. Each party reserves the right to object to the use or admissibility of the Confidential Information.

8. No person subject to this Order, other than the producing person, shall disclose any Confidential Discovery Material to any other person whomsoever, except to:

    a. the Parties;
    b. the employees and agents of the parties to the action, provided that such disclosure is needed to assist in the prosecution, defense or settlement of this action;
    c. counsel retained specifically for this action, including any paralegal, clerical or other assistant employed by such counsel and assigned specifically to work on this action;
    d. as to any document, its author, its addressee, and any other person shown on the face of the document as having received a copy;
    e. any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person is advised of the existence of this Stipulated Protective Order and that Confidential Discovery Material is subject to the terms of the Order;
    f. any person retained by a Party to serve as an expert witness or consultant or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed hereto;
    g. stenographers and video technicians engaged to transcribe or record depositions conducted in this action;
    h. independent photocopying, graphic production services, or other litigation support services employed by the Parties or their counsel to assist in this action, including computer service personnel performing duties in relation to a computerized litigation system;
    i. the Court, the AAA, the arbitrator and their respective staffs; and
    j. any other person whom the producing person, or other person designating the Discovery Material "Confidential," agrees in writing may have access

              to such Confidential Discovery Material.

9. Prior to disclosing or displaying the Confidential Information to any person other than those listed in Paragraph 8, counsel must:

    a. Inform the person of the confidential nature of the information or documents;
    b. Inform the person that this Court has enjoined the use of the information or documents by him/her for any purpose other than this litigation and has enjoined the disclosure of the information or documents to any other person; and
    c. Require each such person to sign an agreement to be bound by this Order in the form attached hereto.

10. No person subject to this Order, other than the producing person, shall disclose any Attorneys' Eyes Only Discovery Material to any other person whomsoever, except to the persons identified in subparagraphs 8(c), 8(d), 8(f), 8(g), 8(h), 8(i), and 8(j), unless the Parties agree in advance to such disclosure.

11. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving party in a manner that is secure and confidential and shared only with authorized individuals in a secure manner. The producing party may specify the minimal level of protection expected in the storage and transfer of its information. In the event the party who received PII experiences a data breach, it shall immediately notify the producing party of same and cooperate with the producing party to address and remedy the breach. Nothing herein shall preclude the producing party from asserting legal claims or constitute a waiver of legal rights and defenses in the event of litigation arising out of the receiving party's failure to appropriately protect PII from unauthorized disclosure.

12. Pursuant to Federal Rule of Evidence 502, the production of privileged or work-product protected documents or communications, electronically stored information ("ESI") or information, whether inadvertent or otherwise, shall not constitute a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding. The Parties agree that Rule 502 shall apply to the Related Arbitration. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

13. Should any party inadvertently produce documents subject to attorney-client privilege, work product protection, and/or any other applicable privilege or protection, the producing party may recall such documents by notifying the receiving party in writing of the inadvertent production and the basis for the claim of attorney-client privilege

and/or work product protection. Within ten (10) business days from receiving notice from the producing party, the receiving party shall either (1) return the originals and all copies made by the receiving party of the documents identified in the notice; or (2) destroy the originals and all copies made by the receiving party, as specified by the producing party, and confirm the same in writing. The receiving party shall not use or disclose the information subject to the claim of attorney-client privilege and/or work production protection and shall take reasonable steps to retrieve such information if the receiving party disclosed that information before receiving notification from the producing party. The receiving party's obligation to return the inadvertently produced documents is without prejudice to the receiving party's right, within the ten (10) business day period, to present the information subject to the claim of attorney-client privilege and/or work-product protection to the Court or arbitrator under seal for the purpose of challenging the producing party's claim. The inadvertent production shall not be a basis for any finding that the attorney-client privilege and/or work-product protection have been waived in connection with any such challenge to the producing party's claim.

14. In the event a party wishes to file Confidential Information with the Court or arbitrator, it shall follow the Court's or arbitrator's procedures with respect to filing under seal. In the event a party wishes to file material designed "Attorneys' Eyes' Only" with the Court or arbitrator, the parties shall meet and confer and attempt to agree regarding appropriate redactions.

15. At the conclusion of litigation, Confidential Information and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing party or certified as destroyed upon request; provided, however, that each Party shall be entitled to retain one copy of any court or arbitration filings for their records even if such filings contain Confidential Information.

16. Nothing herein shall preclude the parties from disclosing material designated to be Confidential Information if otherwise required by law or pursuant to a valid subpoena.

17. This Stipulation and Protective Order shall apply with equal force to this action and Related Arbitration.

SO STIPULATED AND AGREED.

| | |
|---|---|
| /s/ David Leichtman | /s/ Benjamin Halperin |
| David Leichtman | Nancy E. Wolff |
| Emma Hoffmann | Benjamin S. Halperin |
| Leichtman Law PLLC | Cowan DeBaets Abrahams & Sheppard LLP |
| 185 Madison Avenue, 15th Floor | 60 Broad St., 30th Floor |
| New York, NY 10016 | New York, NY 10004 |
| Telephone: 212-419-5210 | Telephone: 212-974-7474 |
| dleichtman@leichtmanlaw.com | nwolff@cdas.com |
| ehoffmann@leichtmanlaw.com | bhalperin@cdas.com |
| | |
| Dated: August 23, 2024 | Dated: August 23, 2024 |
| | |
| *Attorneys for Plaintiff Julie Dermansky* | *Attorneys for Defendant Getty Images (US), Inc.* |

SO ORDERED.

_____
HON. RONNIE ABRAMS (U.S.D.J.)

Dated: New York, New York
       August 26, 2024